Ryan Lee
Law Offices of Ryan Lee, PLLC
7272 E. Indian School Rd.
Suite 540
Scottsdale, AZ 85251
Phone: (323) 524-9500
Fax: (323) 524-9502
ryan@ryanleepllc.com
Attorney for Plaintiff,
Neil Marutani

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Neil Marutani,<br><br>  Plaintiff,<br><br>v.<br><br>Nationwide Capital Services, LLC<br>d/b/a Structured Settlement,<br><br>  Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, NEIL MARUTANI ("Plaintiff") through his attorney, Law Offices of Ryan Lee, PLLC, alleges the following against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in Chandler, Maricopa County, Arizona.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owe a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal office located in Henderson, Clark County, Nevada.

11. Defendant is a business entity engaged in the collection of debt within the State of Arizona.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a personal loan from American WebLoans[1].

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. Within the last year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on his telephone at -xxx-xxx-0136, in an attempt to collect the alleged debt.

19. Within the last year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff's sister, Lisa, on her telephone at xxx-xxx-4573, in an attempt to collect the alleged debt.

20. In or around July 2020, Defendant began placing calls to Plaintiff's parents, Max and Sandra, on their work telephone at xxx-xxx-4407, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff and Plaintiff's relatives from various telephone numbers including, but not limited to, 520-636-5265 and 623-244-8870, both of which belong to Defendant.

22. In or around July 2020, Plaintiff's parents answered Defendant's call and spoke with one of Defendant's male representative.

---

[1] There is currently a pending lawsuit against tribal lenders including American WebLoans. See *Solomon et al. v. American Web Loan, Inc., et al*. NO. 4:17-cv-0145-HCM-RJK. The class action lawsuit arises out of nationwide online "rent a tribe" lending scheme that involved unlawful triple digit interest rates. American Web Loan ("AWL") allegedly used its status under the Otoe-Missouria Tribe of Oklahoma to issue loans with high interest rates otherwise prohibited by state law. AWL has agreed to settle the class actions suit for $141 million, which is still pending approval in the Eastern District of Virginia.

23. During the conversation, Defendant's male representative informed Plaintiff's parents that Defendant was attempting to reach Plaintiff to collect a debt.

24. During the conversation, Defendant's male representative told Plaintiff's parents that Plaintiff had 48-hours to contact Defendant and pay the debt before legal action was taken against Plaintiff.

25. On or about July 16, 2020, Defendant sent a letter to Plaintiff via e-mail in an attempt to collect the alleged debt. *See* Debt Collection Letter, attached hereto as Exhibit A.

26. On or about July 16, 2020, Defendant's female collector, Lisa, left the following voicemail on Plaintiff's telephone:

> "Hi, this is Lisa with Structured Settlement. I'm trying to get in contact with you, I have left you several messages and I just want to speak with you to verify some information if you can call me back it will be greatly appreciated 888-585-2112. As you know this is an attempt to collect the debt any information obtained will be used for that purpose."

27. On or about July 16, 2020, Plaintiff called the telephone number left in the aforementioned voicemail message, 888-585-2112, and spoke with Defendant's female collector, Lisa.

28. During the conversation with Lisa:

   a. Plaintiff explained that there is currently litigation pending against the original creditor;

   b. Plaintiff explained that due to the ongoing COVID-19 pandemic, Plaintiff was unemployed and unable to pay the alleged debt;

   c. Plaintiff requested for Defendant to stop contacting and harassing Plaintiff, Plaintiff's relatives and Plaintiff's friends;

   d. Defendant's collector threatened to take legal action against Plaintiff; and

   e. Defendant's collector demanded immediate payment from Plaintiff.

29. Despite Plaintiff's request for Defendant to stop contacting Plaintiff and Plaintiff's

4

relatives, Defendant continued to call Plaintiff and Plaintiff's relatives' telephones unabated.

30. On or about July 23, 2020, Plaintiff sent a cease-and-desist letter to Defendant via mail requesting for Defendant to cease all communications with Plaintiff, Plaintiff's relatives and Plaintiff's friends. *See* Cease and Desist Letter, attached hereto as Exhibit B.

31. On or about July 24, 2020, Defendant's female collector, Lisa, called Plaintiff's sister from 623-224-887 and left the following voicemail message on her telephone:

> "Hi, I'm trying to reach Lisa. Lisa, my name is Tony with Structure Settlement. I'm actually trying to get a hold of Neil. Neil's got you down here as a reference on his account. We're trying to speak to him regarding to his file. If you could please relay a message and have him give me a call back. My name is Tony with Structure Settlement. Phone number is 888-660-3313. Again, that is 888-660-3313. Thank you."

32. On or about August 4, 2020, Defendant's male collector, Lorenzo, called Plaintiff's sister from 415-360-1206 and left the following voicemail message on her telephone:

> "This is Lorenzo from Structured Settlement calling about a collection account that we have in our office that can negatively affect your credit. Please give me a call to avoid this, call me at 888-585-2112. This is an attempt to collect a debt and any information will be used for that purpose. Thanks again. Call me at 888-585-2112."

33. On or about August 4, 2020, Defendant's male collector, Lorenzo, called Plaintiff from 928-756-8226 and left the following voicemail message on his telephone:

> "Hi, this is Lorenzo from Structured Settlement calling about a collection account that we have in our office that can negatively affect your credit. Please give me a call to avoid this. Call me at 888-585-2112. This is an attempt to collect the debt and any information will be used for that purpose. Thanks. Again, call me at 888-585-2112."

34. On or about October 7, 2020, Defendant's male collector, Justin, called Plaintiff from 623-244-8870 and left the following voicemail message on his telephone:

> "My name is Justin with Structured Settlement. I'm calling in regards to an authorized checking transaction from your bank. After extensive research, I'm wondering if you even authorized this transaction. Please call me so we can clear this matter up before I have to make my final recommendation.

> Once your account is red flagged and sent to the board for review, it will make the situation much more difficult to deal with down the road. I can give you 48 hours to contact me before a final decision is rendered. Please call my office at 888-585-2112. That's 888-585-2112. This is a documented and timestamped attempt to make contact with you. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

35. On or about November 16, 2020, Defendant's male collector, Adam, called Plaintiff from 502-567-7825 and left the following voicemail message on his telephone:

> "This is Adam from Structured Settlement. I'm giving you a call today in reference to an account that we have in our office. Before we make a final decision on your behalf, we wanted to educate you on how collection accounts could affect your credit. In today's world, your credit is everything. It is imperative that you give me immediate call before we render a decision on your behalf. I can be reached at 1-888-585-2112. Give me a call and I can give you a little bit more detail and we could discuss further how this could affect you. This is an attempt to collect the debt and any information we use for that purpose."

36. The telephone numbers 888-585-2112 and 888-660-3313 belong to Defendant.

37. During at least one of the aforementioned voicemail messages that Defendant left on Plaintiff's sister's telephone, Defendant disclosed Plaintiff's alleged debt to Plaintiff's sister.

38. Plaintiff's sister does not owe Plaintiff's alleged debt.

39. Plaintiff's parents do not owe Plaintiff's alleged debt.

40. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff and his relatives.

41. Defendant employed the foregoing debt collection tactics in an attempt to instill fear in Plaintiff.

42. Defendant employed the foregoing debt collection tactics in an attempt to coerce Plaintiff into placing a call to Defendant and making payment to Defendant.

43. To date, Defendant has not taken legal action against Plaintiff.

44. To date, Defendant has not reported the alleged debt to Plaintiff's credit report.

45. To date, Defendant has not sent Plaintiff notice of the alleged debt pursuant to 15 U.S.C. § 1692g(a).

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

46. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Defendant disclosed Plaintiff's alleged debt to Plaintiff's relatives;

   b. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location and information about the consumer and disclosing to such person that consumer owes a debt, when Defendant disclosed Plaintiff's alleged debt to Plaintiff's relatives;

   c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiff, when Defendant employed illegal debt collection tactics in an attempt to coerce Plaintiff into placing a call to Defendant and making payment to Defendant, and when Defendant continued to place calls to Plaintiff and Plaintiff's relatives even after Plaintiff requested for Defendant to stop calling him;

   d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant

7

continued to place collection calls to Plaintiff and Plaintiff's relatives after Plaintiff requested for Defendant to stop calling him;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to report negative information to Plaintiff's credit file, when Defendant threatened to take legal action against Plaintiff if he did not pay the alleged debt within 48-hours, and when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented that it was calling in regard to an authorized bank transaction and when Defendant falsely represented it would report the alleged debt to Plaintiff's credit file;

h. Defendant violated § 1692g(a) of the FDCPA by failing to provide notice of the debt during the time period prescribed in § 1692g(a), when Defendant failed to provide Plaintiff with notice of the alleged debt pursuant to § 1692g(a); and

i. Defendant violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, NEIL MARUTANI, respectfully requests judgment be entered

against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and

49. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

DATED: January 21, 2021          By: /s/ Ryan Lee _____
                                                Ryan Lee
                                                Law Offices of Ryan Lee, PLLC
                                                Attorney for Plaintiff